UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHAWN WEATHERUP,

    Plaintiff,

v.                                       Case # 8:15 CV2298 T 35 EAJ

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

    Defendant.
_____/

## COMPLAINT

The Plaintiff, SHAWN WEATHERUP (WEATHERUP) sues the Defendant, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA (PRUDENTIAL) and states:

1. This is an action for relief under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et. seq.

2. This Court has jurisdiction pursuant to ERISA § 502, 29 U.S.C. § 1132.

3. PRUDENTIAL is an insurance company licensed to transact business in Florida, which is or was at all relevant times engaged in business in this District.

4. WEATHERUP is and/or was a participant in each of the plans, funds, programs, or arrangements described herein, or in the alternative, was at all times relevant a participant in each of the plans, funds, programs, or arrangements described herein.

5. WEATHERUP is and/or was a former employee of J.P. Morgan Chase Bank, N.A..



6. At all relevant times, WEATHERUP was a participant in an employee benefit plan providing disability benefits sponsored by his employer, J.P. Morgan Chase Bank, N.A. (Plan).

7. J.P. Morgan Chase Bank, N.A. is the Plan Sponsor.

8. J.P. Morgan Chase Bank, N.A. played no part in the administration of the plan or claims determination.

9. A copy of the document which was purported to be the Plan's Summary Plan Description (SPD) is attached hereto and incorporated by reference as Exhibit A. WEATHERUP believes that the SPD was prepared by PRUDENTIAL, not J.P. Morgan Chase Bank, and he does not know if a formal plan document was ever adopted or if such a document exists.

10. The document claimed to be an SPD is a group disability insurance policy issued and underwritten by PRUDENTIAL (Group Policy No. G-50684-DE – Exhibit A).

11. PRUDENTIAL is the fiduciary charged with making benefit determinations under the Plan, including the determinations made on Plaintiff's claim.

12. The Plan does not clearly vest PRUDENTIAL with discretion as the Plan only states the Plan Administrator requires "evidence is satisfactory" to it. Exhibit A, p. 11.

13. Discretion is only granted in a separate Summary Plan Description, given to employees under a previous Hartford contract. Attached as Exhibit B., p. 22.

14. De novo review is the proper standard of review to be used by the Court.

15. PRUDENTIAL not only decides which claims are paid under the Plan, but it also pays any such claims from its own assets. To the extent that the Court determines that de novo review does not apply, the following factors must be considered:

a) PRUDENTIAL's conflict of interest based on its paying claims when the funds at stake are not plan assets, but instead are PRUDENTIAL's assets; and

b) As the insurer of the Plan which also makes claim determinations, PRUDENTIAL is subject to a higher than marketplace duty as an ERISA fiduciary.

16. WEATHERUP made a claim for Long Term Disability benefits under the Plan.

17. PRUDENTIAL paid WEATHERUP for disability from any occupation from October 2014, through February 2015.

18. PRUDENTIAL failed and refused to pay benefits after February 28, 2015.

19. PRUDENTIAL refused to pay the benefits sought by WEATHERUP and as ground for such refusal has alleged that Plaintiff does not meet the definition of disability from any occupation.

20. WEATHERUP's condition has not changed.

21. With respect to all claims made herein, WEATHERUP has exhausted all administrative/pre-suit remedies.

22. WEATHERUP is entitled to certain benefits under the Plan consisting of benefits for Long Term Disability since February 28, 2015, through the date of filing this action.

23. WEATHERUP has met the definition of total disability based upon restrictions and limitations stemming from severe, chronic neutropenia—a rare blood disorder—in which neutrophil counts are extremely low, compromising an individual's ability to fight infection. Symptoms include weakness, fatigue, pneumonia-like symptoms, bone pain, malaise, fever, immune deficiency, and recurrent ulcers.

24. WEATHERUP's condition has not improved since the time he was approved for disability from any occupation to the date of termination.

25. PRUDENTIAL's independent medical examiner opined:

   a) that WEATHERUP is always at risk of developing severe, life-threatening infections because he is always severely neutropenic,

   b) since October 2011, WEATHERUP has never had even near normal neutrophil counts,

   c) severely neutropenic patients, like WEATHERUP, are at risk of developing infections from their own microbial flora or normal bacteria, and

   d) stated that he [Dr. Schiff] was "quite surprised" to receive an email asking about WEATHERUP's functional limitations when WEATHERUP's condition "cannot be judged on the basis of musculoskeletal and neurologic symptoms."

26. PRUDENTIAL's two vocational experts independently opined:

   a) WEATHERUP has abilities that would permit him to perform other occupations working from home, but none that would yield gainful wages to meet the earnings qualifier in the definition of disability from any occupation, and

   b) given the need to work from home and high wage, it would be unlikely to identify any alternative occupations.

27. PRUDENTIAL's nonexamining medical reviewer supported disability from any occupation.

28. PRUDENTIAL paid WEATHERUP's benefits until February 28, 2015 at a rate of $8,091.60 per month.

29. There are seven months of past due monthly benefit payments owed through the date of filing this action; and at the rate of $8,091.60 per month, PRUDENTIAL has deprived WEATHERUP of the aggregate sum of $56,641.20.

30. Plaintiff is entitled to benefits herein because:

(a) The benefits are permitted under the Plan.

(b) Plaintiff has satisfied all conditions to be eligible to receive the benefits.

(c) Plaintiff has not waived or relinquished entitlement to the benefit.

31. Each monthly benefit payment owed since February 28, 2015, is a liquidated sum, and became liquidated on the date the payment was due and payable. Plaintiff seeks prejudgment interest on each such payment.

32. Pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g), WEATHERUP is entitled to an award of reasonable attorney fees and costs incurred in an action brought under ERISA. Plaintiff has been required to obtain the undersigned attorney to represent her in this matter and has agreed to a reasonable attorney fee as compensation to him for his services.

**WHEREFORE,** the Plaintiff, SHAWN WEATHERUP, asks this Court to enter judgment against the Defendant, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, a foreign corporation, finding that:

(a) The Plaintiff is entitled to Long Term Disability benefits from February 28, 2015, through the filing of this lawsuit; and

(b) The Plaintiff must be awarded benefits in the amount not paid to the Plaintiff from February 28, 2015, to the date of filing this lawsuit—a total of $56,641.20—together with prejudgment interest at the legal rate on each monthly payment from the date it became due until the date it is paid; and

(c) The Plaintiff must be awarded reasonable attorney fees and costs incurred in this action; and

  (d) For such other and further relief as this Court deems just and proper, including but not limited to:

   1. a declaration that Plaintiff's same claim for benefits continues after the last date of benefits awarded by the Court, without need to file a new application for benefits, and

   2. remanding Plaintiff's claim to the Plan Administrator for further action to address continuing benefits after the final date of benefits awarded by this Court, and

   3. ordering Defendant to advise Plaintiff's former employer or any other necessary entity that benefits in this action were properly paid through the date of this Court's Order awarding benefits for purposes of coordinating or reinstating any ancillary benefits which should properly be paid or for which coverage should be awarded as a result of Plaintiff's receipt of disability benefits under the Plan.

DATED this **30th** day of **September, 2015**.

*/s/ signature*

TUCKER & LUDIN, P.A.
JOHN V. TUCKER, ESQUIRE
Florida Bar # 0899917
tucker@tuckerludin.com
AMY RAY, ESQ.
Florida Bar #115793
ray@tuckerludin.com
5235 16th St. North
St. Petersburg, FL  33703
Tel.:  (727) 572-5000
Fax:   (727) 571-1415
Attorneys and Trial Counsel for Plaintiff